```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------
ALKIM BILLIPS,

          Petitioner,               11 Civ. 3218 (JGK)

     - against -                    MEMORANDUM OPINION AND
                                    ORDER
R. KIRKPATRICK,

          Respondent.
------------------------------------
```
JOHN G. KOELTL, District Judge:

 The petitioner, Alkim Billips, filed a pro se petition for habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2005 conviction in New York State Supreme Court, Bronx County, for assault in the second degree. The respondent now moves to dismiss the petition on the grounds that the petition is time-barred.

I.

 On December 3, 2004, a jury in New York State Supreme Court, Bronx County, convicted the petitioner of assault in the second degree. On September 8, 2005, the petitioner was sentenced in absentia as a persistent felony offender to an indeterminate term of imprisonment of fifteen years to life. (Whitehead Decl. Ex. 2.) On February 9, 2006, the petitioner filed a motion pursuant to CPL § 440.10 to vacate his conviction and sentence on various grounds. This petition was denied on April 18, 2006. (Whitehead Decl. Ex. 4.) On October 31, 2006,

the petitioner filed a second motion to vacate the judgment of the conviction, arguing that his persistent felony offender status was in error. (Whitehead Decl. Ex. 5.) The New York State Supreme Court, Bronx County, granted the petitioner's motion, and on November 20, 2007, Justice Marvin resentenced the petitioner, as a second felony offender, to a determinate term of imprisonment of seven years. (Whitehead Decl. Ex 9.)

In February 2009, the petitioner appealed his conviction to the New York State Supreme Court, Appellate Division, First Department, challenging the state's evidence in his case. See People v. Billip, 883 N.Y.S.2d 528 (App. Div. 2009). On August 4, 2009, the Appellate Division affirmed the petitioner's conviction. Id. On October 9, 2009, the petitioner's application for leave to appeal to the New York Court of Appeals was denied. See People v. Billip, 918 N.E.2d 965 (N.Y. 2009). The petitioner did not file a writ of certiorari with the United States Supreme Court.

On October 13, 2009, the petitioner filed a state petition for a writ of habeas corpus against the superintendent of the correctional facility in which he was confined, claiming that the New York State Department of Correctional Services ("NYDOC") erroneously ran his sentence on the present conviction consecutive to his sentence on a prior conviction, and erroneously calculated his sentence from the date he was

2

resentenced plus some time prior to resentencing rather than from an earlier date.  (Whitehead Decl. Ex. 16.)  On January 14, 2010, the New York State Supreme Court, Erie County, converted the petitioner's state habeas petition into an Article 78 proceeding under New York Civil Practice Law and Rules, because the court concluded that the petitioner's allegations, even if true, would not entitle him to immediate release.  (Whitehead Decl. Ex. 17.)  On April 19, 2010, the New York State Supreme Court, Erie County, denied the petitioner's claim that the sentence on the present crime must run concurrent with two terms previously imposed on an unrelated criminal matter, but credited the petitioner with an additional 175 days which had passed before the commencement of his seven year term.  (Whitehead Decl. Ex. 19.)

    The petitioner's current habeas corpus proceeding was initiated by a petition docketed by the Court on May 31, 2011, and which was dated and signed by the petitioner on April 12, 2011.  On May 31, 2011, Chief Judge Preska ordered the petitioner to file an amended habeas petition.  (Order to Amend, Alkim Billips v. DOCS, et al., No. 11 Civ. 3218 (S.D.N.Y. May 31, 2011), ECF No. 4.)  The amended habeas petition presently before this Court is dated June 19, 2011 and was received by the Pro Se Office on June 24, 2011.

**II.**

A.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244, imposes a one-year statute of limitations on an application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). This one-year period generally runs from the date on which the judgment becomes final by the conclusion of direct review or the expiration of time to seek such review, including the time to seek a petition for certiorari of the United States Supreme Court. See Williams v. Artuz, 237 F.3d 147, 148-49 (2d Cir. 2001).

The New York Court of Appeals denied the petitioner leave to appeal on October 9, 2009. Accordingly, the judgment became final on January 7, 2010, upon the expiration of the ninety-day period during which the petitioner could have sought a writ of certiorari from the United States Supreme Court. See Williams, 237 F.3d at 148-49.

AEDPA's one-year statute of limitations expired one year from this date, on January 7, 2011, and the petition, dated April 12, 2011, is therefore untimely. The issue is whether the petitioner's Article 78 petition, filed on October 13, 2009,

4

tolled the statute of limitations until it was decided on April 19, 2010, so that the habeas petition is not time barred.[1]

B.

AEDPA's tolling provision states that the statute of limitations is tolled during adjudication of a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment . . . ."  28 U.S.C. § 2244(d)(2).  Section 2244(d)(2) "by its plain language" tolls "the limitations period only for those applications that seek review of part or all of the pertinent judgment." Collins v. Ercole, 667 F.3d 247, 251 (2d Cir. 2012).  Thus, an Article 78 proceeding must at least challenge part of the underlying conviction in order to warrant consideration as an application for state post-conviction or other collateral review.  See Hodge v. Greiner, 269 F.3d 104, 107 (2d Cir. 2001).

---

[1] The petitioner is not entitled to equitable tolling.  Equitable tolling applies only "in the rare and exceptional circumstance." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (internal quotation marks and citations omitted).  In order to qualify for equitable tolling, the petitioner must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (internal citation omitted); see also McGinnis, 208 F.3d at 17 (internal citation omitted).  The petitioner has not included any allegations in his amended petition that could lead to an inference that he had been pursuing his rights diligently or that some extraordinary circumstance blocked his timely filing of a petition.  Indeed, there is no reason alleged that prevented the petitioner from filing his petition in this Court just as he filed his Article 78 petition in state court.

Here, the pertinent judgment is the petitioner's 2005 judgment of conviction and sentence for second degree assault. But the petitioner did not directly challenge that conviction in his Article 78 petition. Rather, the petitioner claimed that the NYDOC erroneously determined that his 2005 sentence should run consecutively, rather than concurrently, to his sentence on a prior conviction, and erroneously calculated the amount of credit he should receive for his prior incarceration. See Whitehead Decl. Ex. 16. The Court of Appeals for the Second Circuit has held that such a claim does not constitute an application for review of the pertinent judgment within the meaning of § 2244(d)(2). In Collins, the petitioner argued that his Article 78 petition – which asserted that the DOCS had wrongly determined that his most recent sentence should run consecutively, rather than concurrently, to a separate previous sentence – tolled the AEDPA statute of limitations. See Collins, 667 F.3d at 250. The Court of Appeals rejected this argument, finding that the "Petitioner did not challenge any aspect of his 2001 conviction or sentence. Rather, he argued that DOCS . . . wrongly determined that his unchallenged 2001 sentence should run consecutively, rather than concurrently, to a previous unchallenged sentence imposed pursuant to a separate conviction for robbery." Id. "An application seeking such relief," the court concluded, "is not an application for review

6

of the judgment itself" within the meaning of § 2254(d)(2).  Id. at 251.  In this case, the petitioner's Article 78 petition challenging the calculation of the timing of his sentence and the amount of credit he received does not seek review or reconsideration of the pertinent judgment so as to toll the statute of limitations under § 2254(d)(2).

Therefore, because there is no basis to toll AEDPA's one-year statute of limitations, and the petitioner's habeas petition was filed after the one-year period had expired, the petition is time barred.  The respondent's motion to dismiss the habeas petition as untimely is granted.

## Conclusion

The Court has considered all of the arguments of the parties.  To the extent not specifically addressed above, the remaining arguments are either moot or without merit.  For the foregoing reasons, the respondent's motion to dismiss the petitioner's petition for a writ of habeas corpus is **granted**, and the petition is dismissed.

The Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because the petitioner has failed to make a substantial showing of the denial of a constitutional right.  The Clerk is directed to enter judgment in favor of the respondent and to close this case.

The clerk is also directed to close any pending motions.

**SO ORDERED.**

Dated: New York, New York
August 2, 2012

_____
John G. Koeltl
United States District Judge